MEYER & MEYER CORPORATION, Plaintiff, *v.* TOWN OF AMHERST, Defendant.

Fourth Department, June 29, 1926.

Towns — debts — town board of defendant town which has form of government provided in Town Law, article 24, let contract for construction of boulevard — validity of contract questioned on ground that total indebtedness would exceed ten per cent of assessed valuation — in determining whether indebtedness exceeds ten per cent, sewer district, water district, and paving bonds are not to be computed — County Law, § 13, as amd. by Laws of 1924, chap. 163, controls Town Law, § 512-a, as added by Laws of 1923, chap. 795 — indebtedness of defendant town not including exempted indebtedness is less than ten per cent of assessed valuation — contract is valid.

The purpose of this action is to determine the validity of a contract for the construction of a boulevard which was entered into by the town board of the defendant town and the plaintiff. The defendant town, which has the form of government provided by article 24 of the Town Law, contends that the contract is invalid under section 512-a of the Town Law, as added by Laws of 1923, chapter 795, which forbids letting of such a contract if the total estimated cost of the improvement together with all the other indebtedness of the town would exceed ten per cent of the assessed value of the real property of the town subject to taxation. The contention of the town that the contract is invalid cannot be sustained, since under section 13 of the County Law, as amended by Laws of 1924, chapter 163, indebtedness represented by paving bonds, which is payable by taxation levied upon property benefited, sewer district bonds and water district bonds, which are payable from taxation realized from that part of the town included within the respective districts, must be deducted from the total indebtedness of the town and when so deducted the total indebtedness of the town, including the estimated cost of the boulevard, will not exceed ten per cent of the assessed valuation of the real property of the town subject to taxation.

Section 13 of the County Law, as amended by chapter 163 of the Laws of 1924, which specifically provides for deducting the indebtedness mentioned from the total indebtedness of the town in determining the question whether the ten per cent clause will be violated, controls section 512-a of the Town Law, as added by Laws of 1923, chapter 795, and in so far as it is inconsistent therewith will be considered as equivalent to a repeal of section 512-a.

Accordingly, since the total indebtedness of the town, including the estimated cost of the boulevard, will not exceed ten per cent of the total assessed valuation after the amount of the sewer, water and paving bonds are deducted, the contract in question is legal.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Daetsch, Paul & Lesswing* [*Wortley B. Paul* of counsel], for the plaintiff

*William F. Schohl,* for the defendant.

DAVIS, J. The defendant is a town having the form of government provided in article 24 of the Town Law and amendatory and supplemental acts. In the month of May, 1925, the town board of the defendant initiated proceedings to construct a boulevard at town expense. It gave due notice of a public hearing and a large number of residents at such meeting gave practically unanimous approval of the undertaking. This, of course, was advisory only for the duty of determining the necessity of the improvement and providing for the cost thereof vested in the quasi legislative body designated as the town board. After the public meeting the town board proceeded in the prescribed manner to take the preliminary steps leading to the award of a contract for the building of this boulevard or highway. Eventually a contract was made with the plaintiff to construct the boulevard at a total cost of $416,844.

No question is raised as to the legality of the preliminary acts leading up to the contract or to the contract itself, except that it is claimed the board was not authorized and had no power to enter into the contract under the provisions of section 512-a of the Town Law (added by Laws of 1923, chap. 795). This statute forbids the letting of such contract if the total estimated cost of the improvement as determined by the town board, together with all other indebtedness of the town, will exceed ten per cent of the assessed value of the real property of the town subject to such taxation.

It is conceded that the total indebtedness of the town existing at the time the contract was made, represented by funded obligations, was $2,893,000. The assessed valuation of the real property in the town subject to taxation as the same appeared upon the

last completed assessment roll was $20,000,000. The total indebtedness would, therefore, exceed ten per cent of the assessed valuation.

Plaintiff contends that certain deductions must be made from the gross indebtedness in order to determine whether or not the statutory limitation has been exceeded. These proposed deductions consist of bonds issued by the town to pay for a water supply in a water district in said town, and for bonds similarly issued to pay for a sewer system in a sewer district, and for bonds issued to provide for the paving of certain streets. In both districts above mentioned the territory included therein is only a portion of the town, and the bonds are to be paid entirely by taxation against the property within said districts; and the paving bonds are to be paid by taxation levied upon the property in the limited territory directly benefited by such paving. If these obligations are excluded, the ten per cent limit has not been exceeded.

Plaintiff further contends that the provisions of section 512-a of the Town Law have been modified by subsequent legislation so that the strict ten per cent limit was no longer operative at the time this contract was made; and even though plaintiff's contention fails in the first respect, the contract is a valid and subsisting one. The defendant town opposes both these contentions, and claims that the contract is invalid. The parties have, therefore, before undertaking the work and issuing obligations which might be declared void, submitted this controversy for decision, the plaintiff asking for a judgment that the contract be declared in all respects valid, and the defendant a contrary determination.

1. There is some conflict of authority in different jurisdictions on the question as to whether bonds are to be excluded from the debt limit when they are issued by a municipal corporation for improvements that produce revenue providing for the payment of the principal and interest of the obligation, like a water works system; and those where payment is provided eventually rom a tax on particular property benefited. (See L. R. A. 1917E, 443, note.) These diverse views arise, no doubt, in the different and varying language used in constitutional and statutory provisions on the subject. While the municipality is the nominal obligor and is legally bound to pay, the obligation is in fact that of the owners of property in a particular and limited district. The Constitution recognizes the necessity of making exemptions from the total indebtedness of certain municipal corporations (Art. 8, § 10) by exempting bonds issued to provide for the supply of water, or other improvements for transportation which yield net revenue applicable to the payment of the interest and annual installments for the amortization of the debt. But bonds issued by a munici-

pality which pledges its faith and credit for their payment, legally represent primary obligations of the town, no matter in what manner the town will make collection of the money applicable to their payment. We regard the doctrine now well settled in this State, that unless there is constitutional or statutory exemption, such obligations must be counted in determining the total indebtedness when applying the limitation rule. (*Levy* v. *McClellan,* 196 N. Y. 178.) Here it is conceded that all the bonds in question are issued and outstanding in the name of the town. (See Town Law, § 492.) They must, therefore, be counted in determining the limitation, unless they may be exempted under definite statutory authority.

2. The constitutional limitation applied only to cities and counties and does not include towns. (Art. 8, § 10.) The statute (Town Law, § 512-a) provided for the limitation of indebtedness to be incurred by a town board as follows: " But such contract [for proposed improvement] shall not be let if the total estimated cost of the improvement as determined by the town board together with all other indebtedness of the town will exceed ten per centum of the assessed valuation of the real property of the town subject to taxation, as the same appears upon the last preceding completed assessment roll thereof  *   *   *.".

There was already a general statutory limitation on town and county obligations at the time the statute just quoted in part was adopted. (County Law, § 13.) This act provided that " An issue of town or county obligations shall not be authorized when such issue, with the amounts issued and outstanding under any previous or other authority of the board, shall exceed ten per centum of the assessed valuation of the real estate of such town or county, as it shall appear on the last assessment-rolls thereof  *   *   *." (With certain exceptions.)

Section 13 was amended by chapter 163 of the Laws of 1924 by adding: " This section shall not apply to liabilities heretofore or hereafter incurred to provide a water supply in a water district in a town, or obligations or bonds issued to pay such liability when the assessments due or to become due are to be paid by the taxation against the property situated within said water district, nor to liabilities heretofore or hereafter incurred to provide a sewer system in a sewer district, in a town, where said sewer district constitutes less than the whole town, or obligations or bonds issued to pay such liability, when the assessments due or to become due are to be paid by taxation against the property within said sewer district benefited thereby;  *   *   * nor to liabilities heretofore or hereafter incurred to provide for the paving of streets on certain streets of a town, or obligations or bonds issued to pay such liabilities,

when the assessments due or to become due are to be paid by taxation against the property directly benefited by such paving."

It will be observed that this statute in language most explicit exempts from the rule of limitation the type of obligations under consideration here. The question is, therefore, does this later statute modify the provisions of section 512-a of the Town Law, and become applicable to the subject of controversy between the parties?

The limitations on indebtedness of municipalities whether imposed by constitution or by statute, have for their general purpose the prevention of improvidence in creating obligations. With municipalities, as well as with individuals, there is constant conflict between the eager desire for progress and improvements, and the cautious regard for fundamental economy. The one policy may lead to wasteful extravagance; the other to excessive conservatism and stagnation. At present the former seems to be in the ascendant. With the wisdom of choice between the two policies we have here no concern. The decision relative thereto is confided to the Legislature. It is quite possible that the Legislature had in mind the limitations on general public improvements that would be imposed if indebtedness for local district improvements was to be included in the debt limits. This with other relevant facts must be taken into consideration in determining the legislative intent and will.

It is probably impossible to devise any codification or consolidation of laws in which classifications are scientifically exact. The results of efforts of this kind must, in general, be approximate. All laws relating to a particular subject cannot ordinarily be contained in one act. Legal relations and obligations are not isolated but overlap. The limitations, as they originally existed in section 13 of the County Law applying both to the county and its constituent subdivisions, the towns, were quite evidently ample to limit the indebtedness of either. The main purpose of section 512-a was to give additional authority to certain towns to engage in the new enterprise of making public improvements, designated as "parkways and boulevards and parks," wholly at the expense of the town. The inclusion of the provision limiting the indebtedness to the ten per cent already provided by section 13 of the County Law, was undoubtedly through abundance of caution so that there would be no question in adopting these new improvements as to the extent of power in the town board. We think it was not strictly necessary, although undoubtedly wise to include it.

Article 24 of the Town Law simply changed the form of government for towns falling within the classification there made. It did not otherwise remove them from general provisions of law

wherever found. The legislative purpose in amending section 13 of the County Law seems reasonably clear. It was adapting to town obligations a well-recognized policy by permitting exemption for bonds issued for revenue-producing enterprises, or for improvements payable through a direct levy on the property benefited. No other purpose can be discovered in the statute. The two statutes under consideration embrace the same subject-matter. We must assume that the amendment was made with knowledge of the existence of section 512-a of the Town Law. (*Davis* v. *Supreme Lodge, K. of H.*, 165 N. Y. 159, 166.) No exceptions are made, and it is clear that it was a general plan which included all towns, no matter what their form of government.

While repeal of one act by one adopted later will not ordinarily be implied (*People ex rel. Superintendents* v. *Board of Supervisors*, 103 N. Y. 541, 547), it is always a question of intention depending largely on the language of the later statute. It was not strictly necessary to make the new act effective that there should be express words to indicate that portions of section 512-a of the Town Law had been repealed or amended. There would be an inconsistency if an attempt was made to apply the provisions of both. The subsequent act of 1924, more general in its character, represented the latest expression of the legislative will, and it must be held that it was intended to modify the pre-existing statute covering the same subject, though contained in another portion of the body of the law affecting towns. (*People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175; *Matter of Huntington*, 168 id. 399, 408; *Pratt Institute* v. *City of New York*, 183 id. 151.)

This conclusion permits exemption of the bonds in question in determining the indebtedness of the town, and leaves the town board free in the exercise of judgment to make the contract for improvements.

.The controversy should, therefore, be determined in favor of the plaintiff and judgment directed in its favor declaring that the contract made between it and the defendant for the proposed improvements is a valid, legal and subsisting obligation, without costs.

Hubbs, P. J., Sears, Crouch and Taylor, JJ., concur.

Controversy determined in favor of the plaintiff and judgment directed in its favor, without costs, upon the submission.